**Ganesh DEOKARAN, Petitioner,**

v.

**Eric H. HOLDER Jr.\*, Attorney General, Respondent.**

No. 08–1089–ag.

United States Court of Appeals, Second Circuit.

March 27, 2009.

---

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

G. Victoria Calle, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Ganesh Deokaran, a native and citizen of Guyana, seeks review of a February 7, 2008 order of the BIA affirming the April 3, 2006 decision of Immigration Judge ("IJ") Philip L. Morace pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ganesh Deokaran*, No. A 97 951 076 (B.I.A. Feb. 7, 2008), *aff'g* No. A 97 951 076 (Immig. Ct. N.Y. City Apr. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision as if it were that of the BIA. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

### I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).

Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't. of Justice*, 471 F.3d 315, 326–27 (2d Cir.2006).

Here, because Deokaran challenges only "the correctness of the [agency's] factual findings" and its exercise of discretion, we are without jurisdiction to review the agency's decision to pretermit his asylum claim. *Id.* at 329. Thus, we dismiss the petition for review to that extent. *See* 8 U.S.C. § 1158(a)(3).

The one-year deadline under 8 U.S.C. § 1158(a)(3) does not apply, however, to applications for withholding of removal and CAT relief. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180–81 (2d Cir.2006). Thus, we review Deokaran's remaining claims for relief on the merits.

## II. Withholding of Removal

■ To qualify for relief from removal, Deokaran was required to demonstrate a clear probability that, if removed, his life or freedom would be threatened on account of a statutorily proscribed ground. *See* 8 U.S.C. § 1231(b)(3)(A); *see, e.g., Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir.2006). We conclude that the agency reasonably found that Deokaran failed to make this showing. In urging otherwise, Deokaran argues that bandits—who were black—targeted him due to his "social class and race/ethnicity" because blacks blame the Indians for their "lower position in life." Petr. Br. at 6. However, Deokaran fails to allege any facts indicating that the bandits had any objective other than to steal his or his family's money. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (concluding that "act of random violence" does not support a well-founded fear of persecution on protected ground). Although background materials suggest racial tension between Indo–Guyanese and Afro–Guyanese, they also state that there is no reliable and valid evidence showing that race or ethnicity was the cause of recent victimization of East Indians and Africans in Guyana. Deokaran's evidence does not demonstrate that Indo–Guyanese are disproportionately victimized in Guyana or that the robbery of Deokaran's family was a result of anything beyond general civil strife. *See id.*; *Sanchez–Trujillo v. INS*, 801 F.2d 1571 (9th Cir.1986) (denying petition for review when record did not compel conclusion that the dangers petitioners would face upon return to El Salvador would be any different from those confronting other citizens of that war-torn country). Thus, Deokaran failed to demonstrate a nexus between the harm he suffered (or the future harm he fears) and a protected ground. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Accordingly, the agency properly found that he failed to establish eligibility for withholding of removal, and we deny the petition for review with respect to Deokaran's claim for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1).

## III. CAT

■ Even assuming that Deokaran's evidence was sufficient to demonstrate that the Guyanese police's failure to investigate the bandits' crimes amounted to government acquiescence in their conduct, the agency reasonably found that he failed to establish a clear probability that he would be tortured in Guyana upon his return. *See generally Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004) (discussing showing necessary for CAT relief). Furthermore, as the agency pointed out, similarly-situated family members, namely, Deokaran's brother, had suffered no harm in the several years since Deokaran left

the country. *See Melgar de Torres v. Reno*, 191 F.3d at 313 (observing that, where asylum applicant's mother and daughters continued to live, without harm in petitioner's native country, claim of well-founded fear was diminished). Moreover, Deokaran denied ever having been arrested or harmed by the police in Guyana. Under these circumstances, the agency reasonably found that Deokaran failed to establish eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c)(2). Thus, we deny the petition for review with respect to Deokaran's CAT claim.

## IV. Motion to Remand

Here, the BIA failed to address Deokaran's request for remand based on his new eligibility for adjustment of status. Because this request is "in the nature of a motion to reopen," it is properly treated as such. *Matter of Coelho*, 20 I. & N. Dec. 464, 471 (B.I.A.1992); *see also Li Yong Cao v. U.S. Dep't. of Justice*, 421 F.3d 149, 156 (2d Cir.2005). The Government asserts that Deokaran did not support his request for reopening with sufficient arguments or evidence material to his case. Even if we were to agree with this assertion, however, we may not substitute our own judgment for that of the administrative agency. *See Gonzales v. Thomas*, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). Accordingly, because the agency has not yet considered whether Deokaran adequately presented a motion to remand in order to apply for adjustment of status, remand to the BIA is justified. *See id.*

For the foregoing reasons, the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part. As we have completed our review, the

pending motion for a stay of removal in this petition is DISMISSED as moot.