Kadel Chhetri v. Garland

BIA
Douchy, IJ
A206 571 799/800

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————————

KRISHNA BAHADUR KADEL CHHETRI,
MANJU KADEL,
> *Petitioners*,

v.                                                                                  21-6321-ag

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————

FOR PETITIONERS:                Dilli Raj Bhatta, Esq., Bhatta Law & Associates, New York, NY.

FOR RESPONDENT:                Brian Boynton, Principal Deputy Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Elizabeth K. Ottman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Krishna Bahadur Kadel Chhetri ("Kadel Chhetri"), and his wife, Manju Kadel ("Kadel"), natives and citizens of Nepal, seek review of a May 21, 2021, decision of the BIA affirming an August 22, 2018, decision of an Immigration Judge ("IJ"), which denied Kadel Chhetri's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying their motion to remand to apply for adjustment of status.[1] *In re Krishna Bahadur Kadel Chhetri, Manju Kadel,* Nos. A 206 571 799/800 (B.I.A. May 21, 2021), *aff'g* Nos. A 206 571 799/800 (Immigr. Ct. N.Y.C. Aug. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

## I. Adverse Credibility Determination

We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. §1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact

---

[1] Kadel is a derivative beneficiary on Kadel Chhetri's application.

may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements . . . ." 8 U.S.C. §1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination. The agency reasonably relied on discrepancies, inconsistencies, and omissions in Kadel Chhetri's application, hearing testimony, and documentary evidence. *See* 8 U.S.C. §1158(b)(1)(B)(iii). In particular, there were "striking" and "major" discrepancies between Kadel Chhetri's written asylum application and his testimony regarding physical attacks to which he was allegedly subjected. Certified Administrative Record ("CAR") at 4. Kadel Chhetri testified at the hearing that Maoists had attacked him twice, and that the first attack had occurred in October 2003, on the same day that he received a "warning letter" from the Maoists, when they came to his home, demanded a donation, beat him, and abducted him. CAR at 246-49, 258. In his written asylum application, however, while he reported receiving the "warning letter" in October 2003, Kadel Chhetri made no mention of a physical attack or abduction. When asked at the hearing why he did not mention the

October 2003 attack in his asylum application, he testified that nobody had asked him about it. CAR at 266.

While omissions may not be as probative of a lack of credibility as inconsistencies, this omission is particularly glaring for two reasons. First, Kadel Chhetri expressly mentioned the 2003 warning letter in his application, while omitting the attack. And second, an incident involving an attack and kidnapping is the type of information that an applicant certainly would be expected to include in his application; indeed, such claims were "central to [his] claim for asylum." *Jian Liang v. Garland*, 10 F.4th 106, 116 (2d Cir. 2021); *see also Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Furthermore, Kadel Chhetri's explanation for the omission was not persuasive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and quotation marks omitted)).

The agency also reasonably relied on other inconsistencies in Kadel Chhetri's proffered evidence. Kadel Chhetri testified at the hearing that he reported the Maoists' attacks to police only once, after an attack on November 25, 2013, but he asserted in his written asylum application that he had made three such reports, one in October 2013, and two in November 2013, and the record contains documentary evidence of a report dated

4

October 22, 2013. On appeal, Kadel Chhetri contends that he testified to only making one report because the police only *took action* on one report, so he considered the other instances only as *attempts* to file a report. *See* Pet'rs' Br. at 12-14. But this explanation is inconsistent with Kadel Chhetri's own testimony, in which he stated that he reported the attacks to the police "just once," and that he did not report the first attack because "[he] did not know [he] should." CAR at 283.

Kadel Chhetri's credibility was further undermined by his failure to provide corroboration for his assertions of persecution. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The record clearly demonstrates that Kadel could not corroborate Kadel Chhetri's evidence. She testified that she did not know if Kadel Chhetri was a member of the Congress Party, what year he worked for the campaign, or even when elections were held in Nepal. And, although Kadel testified that Kadel Chhetri was physically harmed in 2013, she could not provide any details regarding the purported attack and could not confirm Kadel Chhetri's claim that their daughter had told them that Maoists continued to look for Kadel Chhetri.

These inconsistencies and the lack of corroboration provide substantial evidence for the agency's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *see also Xiu Xia Lin*, 534 F.3d at 167.

That determination is dispositive of petitioners' claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II.     Motion To Remand

While their case was pending before the BIA, petitioners filed a motion to remand to pursue adjustment of status, asserting that their recently naturalized son had obtained I-130 visas for them. The BIA denied the motion to remand because petitioners did not submit their completed I-485 applications with their motion, as required, and alternatively declined to remand as a matter of discretion, in light of the IJ's adverse credibility determination.

We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005). "The BIA abuses its discretion" in denying a motion to remand when "its decision rests on an error of law, inexplicably departs from established policies, or is so devoid of any reasoning as to raise the concern that it acted in an arbitrary or capricious manner." *Paucar v. Garland*, 73 F.4th 110, 119 (2d Cir. 2023).

The BIA did not abuse its discretion in denying petitioners' motion for remand. Petitioners failed to satisfy the substantive requirements for a motion to reopen, which include the submission of the relevant application for relief. Petitioners concede that they did not attach the completed applications, but contend that the motion should have been granted anyway because the other evidence they submitted was sufficient to show

6

eligibility to adjust. *See* Pet'rs' Br. at 24. But the applicable law requires a petitioner to submit the actual application, and other evidence is no substitute for meeting that requirement. *See* 8 C.F.R. §1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief *must* be accompanied by the appropriate application for relief and all supporting documentation." (emphasis added)). [2] Accordingly, the BIA did not abuse its discretion in denying petitioners' motion for failure to comply with this requirement.

Because we find no abuse of discretion in the BIA's denial of the motion to remand on this basis, we need not reach the alternative ground for denial as a matter of discretion. However, we note that the BIA was within its authority to determine that, even if the technical requirements for relief had been met, petitioners "would not be entitled to the discretionary grant of relief" they sought. *I.N.S. v. Abudu*, 485 U.S. 94, 105 (1988).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

---

[2] A motion to remand based on new eligibility for adjustment of status is evaluated under the same substantive standards as a motion to reopen. *See Deokaran v. Holder*, 317 F. App'x 87, 90 (2d Cir. 2009); *see also Li Yong Cao*, 421 F.3d at 156.